# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JESSICA LEA CHAVEZ,

     Plaintiff,

v.                                           No. 1:25-cv-00289-DLM

UNM SANDOVAL REGIONAL MEDICAL CENTER,

     Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** is before the Court on *pro se* Plaintiff's Complaint for Employment Discrimination, filed March 20, 2025( Doc. 1), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 20, 2025 (Doc. 2).

**I.**    **Order Granting Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $4,040.00; (ii) Plaintiff's monthly expenses total $3,935.00; (iii) Plaintiff has no cash and $1,350.00 in bank accounts. (*See* Doc. 2.) The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and because her monthly expenses are approximately equal to her monthly income.

## II.    Order for Amended Complaint

Plaintiff asserts a claim of discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964. (*See* Doc. 1 at 3.) The only factual allegations in the Complaint state "sexual harassment from a coworker" and "sexual harassment was reported to HR by coworker. HR representative." (*Id.* at 4-5.)

The Complaint fails to state a claim upon which relief can be granted. "Although a complaint need not provide detailed factual allegations, it must give just enough factual detail to provide fair notice of what the . . . claim is and the grounds upon which it rests." *Howl v. Alvarado*, 783 F. App'x 815, 818 (10th Cir. 2019) (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018)) (quotation marks omitted); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the

defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Court orders Plaintiff to file an amended complaint that sets forth sufficient facts to give Defendant fair notice of the grounds upon which Plaintiff's claims rest.

## III.    Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

## IV.    Compliance with Rule 11

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to

sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

      **IT IS ORDERED** that:

(i)     The Application to Proceed in District Court Without Prepaying Fees or Costs

      (Doc. 2) is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint.

      Failure to timely file an amended complaint may result in dismissal of this case.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE